■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD DOINO, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 19, 1963 after a jury trial, convicting him of assault in the second degree and assault in the third degree; and on the second degree assault count sentencing him to serve an indeterminate term not to exceed five years; and on the third degree assault count sentencing him to the time which he had already served. Defendant is presently at liberty on bail pursuant to a certificate of reasonable doubt issued May 20, 1963. Judgment modified on the law and the facts, and in the exercise of discretion, to the extent of suspending the execution of the sentence and placing the defendant on probation for the remainder of his term. As so modified, judgment affirmed. In view of the long imprisonment experienced by the defendant prior to his sentence, and particularly in view of the prospect of rehabilitation disclosed by the Probation Department's reports prior and subsequent to defendant's sentence, we think that defendant is a proper subject for probation. Beldock, P. J., Ughetta, Kleinfeld, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LONNIE HUEY HAMILTON, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the Supreme Court, Kings County, dated May 7, 1963, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered September 6, 1955 on his plea of guilty, convicting him of murder in the second degree, and imposing sentence. Order affirmed. No opinion. [For appeal from order denying prior *coram nobis* application, see *People* v. *Hamilton,* 14 A D 2d 916, mot. for lv. to app. den. FULD, J., Feb. 15, 1962, cert. den. 370 U. S. 958.] Beldock, P. J., Christ and Rabin, JJ., concur; Kleinfeld and Hill, JJ., dissent and vote to remit the application to the Criminal Term of the Supreme Court for a hearing, with the following memorandum: In this *coram nobis* proceeding, defendant alleged: (1) that he was undergoing an epileptic seizure and blackout at the time of the commission of the crime with which he was charged; (2) that this fact was known to the police, who received the information from defendant's sister; and (3) that it was likewise known to the District Attorney when defendant pleaded guilty. The People neither admitted, nor denied, that at the time of the plea they had been informed regarding defendant's claim of blackout. In our opinion, these undenied allegations are sufficient to warrant a hearing to ascertain whether the People knowingly suppressed material evidence, and whether the People gave insufficient consideration to a defense available to defendant (*People* v. *Codarre,* 10 N Y 2d 361; *People* v. *Anderson,* 4 A D 2d 886; *People* v. *Woodcock,* 18 A D 2d 1131).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE MOORER, Appellant.— Appeal by defendant from a judgment of the former County Court, Queens County, rendered June 25, 1962 after a jury trial, convicting him of manslaughter in the second degree and sentencing him to serve a term of 5 to 15 years. Judgment reversed on the law and the facts and a new trial granted. Unfortunately, the transcript of the stenographic minutes as presented to us is, in several portions, so confusing and unintelligible that it is impossible for us to determine the propriety of the charge to the jury or the merits of the points urged by the appellant and the respondent. Under the circumstances a new trial is required in the interests of justice. Beldock, P. J., Ughetta, Kleinfeld, Hill and Hopkins, JJ., concur.